Magee and Mansony v. Toulmin.

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑

## MAGEE & MANSONY v. TOULMIN.

1. To sustain a judgment under the act of 1827, which gives to the sheriff a summary remedy by notice and motion, against the principal and his surety, in a bond of indemnity, the record should show that the obligors had sixty days previous notice that a judgment would be moved for against them; it is not enough that the judgment entry recites that they had notice for that length of time of the pendency of the suit against the sheriff.

WRIT of Error to the Circuit Court of Mobile.

The judgment entry recites, that the defendant in error, while sheriff of Mobile, on the 4th of June, 1836, took from the plaintiffs and Philip McLoskey, a bond, in the penal sum of ten thousand dollars, indemnifying him against any action or actions that might be brought against him for levying three writs of attachment in favor of McLoskey, Hagan & Co. against one George Harrington, on certain goods and effects, as the property of the latter. *Further:* that suit was instituted against the defendant in error, by Lesesne & Edmundson, in the Circuit Court of Mobile county, for levying on and selling the goods and effects. It is also stated that the plaintiffs in error had sixty days notice of the pendency of the suit against the defendant before the trial. Then follows a judgment in favor of the defendant for thirty-six hundred and eighty-four 90-100 dollars, the amount of the judgment recovered against him by Lesesne & Edmundson.

Detached from the judgment, we find in the transcript, a bond of indemnity, similar to that above recited, also the following:

"T. L. Toulmin, *vs.* Philip McLoskey, James Magee, C. J. Mansony.    *Motion for judgment in favor of* Toulmin v. said McLoskey, Magee and Mansony, for the amount of a judgment rendered in favor of Lesesne & Edmundson v. Toulmin. The said McLoskey, Magee and Mansony, being the obligors of a bond to indemnify the said Toulmin.

CAMPBELL & CHANDLER, for motion."

This is a recital of the entire transcript, with the exception of the caption made by the clerk to indicate when the judgment was rendered.

STEWART, for the plaintiffs in error.
CAMPBELL, for the defendant.

COLLIER, C. J.—The act of 1827, "more effectually to protect sheriffs, coroners, and constables in the discharge of their duties," enacts that whenever any sheriff takes from a plaintiff in execution a bond indemnifying him for levying or selling property, the title to which is doubtful or disputed, if suit be instituted against him, or any of his deputies for making such levy or sale, he may give sixty days notice to the principal and sureties in the bond before the trial of such suit, that it is pending; and it shall be

their duty to defend the same, and a judgment for the same amount shall be rendered by the court on motion in favor of the sheriff against the principal and securities as may be obtained by the party suing the sheriff, which judgment may be rendered at any time after a recovery against the sheriff. [Aik. Dig. 169.]

It is not enough, under this statute, that it should appear, the principal and sureties were informed of the pendency of the suit against the sheriff, but it should appear that they had such notice of it, as would be likely to induce them to aid in its defence. To do this, they should be distinctly advised that a judgment would be moved for, against them, in the event of a recovery against the sheriff. In the present case, it is merely stated, that the principal and sureties had sixty days notice of the pendency of the suit. This recital in itself proves nothing, for it may be, that they were unconscious of having executed any bond, and consequently would not defend the suit, because they were not informed that it was intended to subject them to liability. [Atwood, et al. vs. Craig, 3 Stewart & Porter's Rep. 21.]

This view is decisive to show, that the facts recited in the judgment are insufficient to sustain it; it is therefore reversed and the cause remanded.